J-S01014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESLIE RAY HOOVER | : | |
| | : | |
| Appellant | : | No. 1100 MDA 2020 |

Appeal from the PCRA Order Entered August 5, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004874-2017

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 12, 2021**

Leslie Ray Hoover appeals from the order, entered in the Court of Common Pleas of Lancaster County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The trial court set forth the factual and procedural history of this case as follows:

> On February 28, 2018, [] Hoover [] entered an open guilty plea in Mental Health Court before the Honorable Margaret C. Miller[,] plead[ing] guilty on Docket Number 4874-2017 to one count of criminal attempt at theft by unlawful taking and one count of criminal mischief.  [Hoover] was sentenced to time served to twenty-three [] months['] incarceration followed by five [] consecutive years' probation.  Conditions of parole and probation required [Hoover]'s participation and successful completion of Mental Health Court, [with] parole [eligibility limited] only to a

_____

[*] Former Justice specially assigned to the Superior Court.

parole plan approved by [Adult Probation & Parole Services]/[the] Mental Health Court team[,] and other Mental Health Court specific conditions. [Hoover] could be dismissed from the Mental Health Court program if he was discharged from an inpatient facility for failure to abide by the inpatient facility rules.

On March 14, 2018, [Hoover] was removed from the Mental Health Court program by Judge Miller due to [Hoover] leaving an inpatient program in contravention of the terms of his supervision. On May 16, 2018, at a hearing for [Hoover]'s parole/probation violation, Judge Miller sentenced [Hoover] to the unexpired balance of his parole with release only to an approved Door to Door inpatient treatment program with mental health[ and] drug and alcohol treatment as conditions of his sentence. The five [] consecutive years of probation remained. On July 18, 2018, the court issued a *capias* and a bench warrant after [Hoover] left two facilities he was directed to complete as a condition of his parole. On September 7, 2018, subsequent to his arrest on the *capias* and bench warrant, [Hoover] appeared via videoconference for a parole/probation violation [hearing] before the Honorable Merrill M. Spahn, Jr.[,] and was represented by David Romano, Esquire, of the Office of the Public Defender. Judge Spahn found that [Hoover] violated his supervision[,] but directed an updated [presentence investigation report, or] PSI[, be prepared,] and deferred sentencing. On October 25, 2018, Cory L. Miller, Esquire, of Miller Lyden, P.C., entered his appearance to represent [Hoover]. On January 25, 2019, [Hoover] appeared with Attorney Miller for sentencing before Judge Spahn. Judge Spahn terminated the county parole portion of the sentence and re-sentenced [Hoover] to two and one-half [] to six [] years['] incarceration with boot camp eligibility, no [Recidivism Risk Reduction Incentive (]RRRI[)] eligibility, [and ordered Hoover to complete] drug and alcohol treatment and mental health treatment.

On April 9, 2019, [Hoover] submitted what the court construed as an untimely *pro se* [] motion for modification of sentence[,] which the court denied due to lack of jurisdiction. On May 28, 2019, [Hoover] filed a timely *pro se* Petition for Post-Conviction Relief [] and on June 7, 2019, Dennis C. Dougherty, Esquire, was appointed as [Hoover]'s PCRA counsel. On September 5, 2019, PCRA counsel filed an amended PCRA petition[,] and on December 5, 2019, the Commonwealth filed its response.

Trial Court Opinion, 6/3/2020, at 1-2 (footnotes and unnecessary capitalization omitted).

On June 3, 2020, the PCRA court issued its notice of intent to dismiss Hoover's amended PCRA petition pursuant to Pa.R.Crim.P. 907. Hoover did not file a response to the Rule 907 notice, and the court ultimately dismissed the petition on August 4, 2020. Hoover timely appealed to this Court. The trial court did not order Hoover to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

Hoover raises one issue for our review:[1]

> Did the PCRA court err and abuse its discretion in finding [probation violation] counsel and sentencing counsel to be effective without a hearing when neither counsel advised [Hoover] of his right to appear before the original sentencing judge in mental health court and neither counsel asserted [Hoover]'s right to appear before the original sentencing judge when [Hoover] specifically asked to go back to the mental health court judge for his probation/parole violation?

_____

[1] Generally, PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final. **See** 42 Pa.C.S.A. §§ 9545(b). Under the PCRA, a judgment of sentence "becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Thus, if a defendant does not file a direct appeal to this Court, his judgment of sentence becomes final 30 days after the imposition of sentence. **See id.**; **see also** Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken).

Here, Hoover's judgment of sentence became final on February 24, 2019, 30 days after the imposition of sentence. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903. Therefore, Hoover had until February 24, 2020, to timely file a PCRA petition. The instant petition, filed on May 28, 2019, is patently timely, and therefore, we can proceed to address the merits.

Brief of Appellant, at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Furthermore, it is well-settled that "there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). Where the PCRA court concludes that a petition does not raise any genuine issues of material fact, and dismisses it without a hearing, we review for an abuse of discretion. **Commonwealth v. Simpson**, 66 A.3d 253, 260–61 (Pa. 2013).

> An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill[-]will[,] or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court [overrides] or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

***Commonwealth v. Thompson***, 106 A.3d 742, 754 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> Our review is also governed by the following, well-settled principles:
>
> Counsel is presumed effective, and a [petitioner] has the burden of proving otherwise.  In order for [a petitioner] to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. To prevail on his ineffectiveness claims, [the petitioner] must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction.

***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (internal citations and quotation marks omitted).  With regard to prejudice, "we employ the ***Strickland***[2] actual prejudice test, which requires a showing of a reasonable probability that  the outcome of  the  proceeding  would  have been different but  for  counsel's  constitutionally  deficient  performance.  A reasonable probability is a probability [] sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Daniels***, 104 A.3d 267, 281 (Pa. 2014) (internal citations, quotation marks, and brackets omitted). Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014).

In his amended PCRA petition, Hoover alleged that both Attorney Romano and Attorney Miller provided ineffective assistance of counsel for

---

[2] ***See Strickland v. Washington***, 466 U.S. 668 (2013).

failing to request that Hoover's September 7, 2018 parole violation hearing and January 25, 2019 sentencing hearing, respectively, be heard before the original sentencing judge pursuant to Pennsylvania Rule of Criminal Procedure 700. **See** Amended PCRA Petition, 9/5/19, at 4-6. Regarding both claims of ineffectiveness, Hoover alleged that he was prejudiced by his counsels' acts or omissions because "the newly assigned judge, Judge Spahn, despite having an updated PSI for sentencing[,] did not have the volume of details, specifics, and experience with [Hoover] that Judge Miller gleaned . . . so as to provide a complete picture to the [c]ourt for re-sentencing[.]" **Id.**

Hoover is correct that, pursuant to Rule 700, the judge who presided at the defendant's trial "shall impose sentence unless there are extraordinary circumstances which preclude the judge's presence." Pa.R.Crim.P. 700(A).[3] However, this Court has previously held that a defendant waives his right to be sentenced by the original judge if he consents to the authority of a newly presiding judge by failing to raise any objection under that Rule. **See Commonwealth v. Banks**, 198 A.3d 391, 400 (Pa. Super. 2018) (defendant waived all challenges under Rule 700 to authority of visiting judge, who did not preside over defendant's trial, when visiting judge asked whether defendant was willing to proceed with parole violation/revocation hearing and

---

[3] We have previously held that "Rule 700 applies in the revocation context." **Commonwealth v. Banks**, 198 A.3d 391, 399 (Pa. Super. 2018) (citing **Commonwealth v. McNeal**, 120 A.3d 313, 323 (Pa. Super. 2015)).

defendant's counsel "offered no resistance and lodged no objection, responding simply, [] 'Yeah, we can proceed. That's fine.").

At the September 7, 2018 probation and parole violation hearing, Hoover's counsel expressly stated to Judge Spahn that Hoover was waiving his right to appear before the original sentencing judge. When Judge Spahn asked Hoover whether he had anything to say, Hoover declared that he wanted to be held accountable for his actions; he did not raise any objection under Rule 700 or otherwise challenge Judge Spahn's authority to preside over the hearing.

> The Court: Counsel, am I to assume that your client understands he has the right to be present before the [c]ourt for today's hearing and is agreeing to participate by video conference technology . . . and that he is waiving his right to appear before the original sentencing judge?
>
> Mr. Romano: That's correct, Your Honor.
>
> * * *
>
> I did speak with Mr. Hoover prior to today's hearing.
>
> * * *
>
> The Court: Mr. Hoover, what do you want to say?
>
> [Hoover]: I want to say today that I'm ready to work. I'm ready to work on getting my life together. . . . It's easier to stay sober when I'm working. . . . And I don't have any good excuse for why I left the programs. I did violate my probation, and I want to be held accountable for what I did.

N.T. Parole Violation Hearing, 9/7/18, at 2-4. Similarly, at Hoover's sentencing hearing on January 25, 2019, following the preparation of an

updated PSI, Hoover stated to Judge Spahn for a second time that, "I want to be held accountable for my actions and man up to what I'm doing. So that's all I['ve] got to say." N.T. Sentencing, 1/25/19, at 4.

We agree with the PCRA court that, under these circumstances, Hoover knowingly waived his right to appear before Judge Miller, and that his claims of ineffective assistance of counsel for failing to assert that right are meritless. *See* Trial Court Opinion, 6/3/20, at 4-5. The record indicates that Hoover repeatedly and specifically consented to Judge Spahn's authority to preside over his probation revocation and sentencing hearings, and further, that Hoover, following discussions with counsel, asked Judge Spahn to hold him accountable for his actions. N.T. Parole Violation Hearing, 9/7/18, at 2-4; N.T. Sentencing, 1/25/19, at 4; *see also Banks*, *supra*.

Additionally, we note that Hoover has failed to establish that he was prejudiced as a result of counsels' actions. In his amended PCRA petition, Hoover alleged that he was prejudiced by counsels' failure to assert his rights under Rule 700 because "the newly assigned judge, Judge Spahn, despite having an updated PSI for sentencing[,] did not have the volume of details, specifics, and experience with [Hoover] that Judge Miller gleaned . . . so as to provide a complete picture to the [c]ourt for re-sentencing[.]" Amended PCRA Petition, 9/5/19, at 5.[4] Hoover does not identify any "details" or "specifics" of

_____

[4] In his appellate brief, Hoover argues that he "need not prove prejudice [beyond] the denial of his statutory right to appear before his original

which Judge Spahn was unaware that would have provided a him more "complete picture" for re-sentencing purposes. Moreover, it is well-settled that where, as here, the court "had the benefit of a pre[-]sentence investigation report, it will be presumed that [the judge] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa. Super. 2006).

In addition to the fact that, at the time of the January 25, 2019 sentencing hearing, Judge Spahn was in possession of an updated PSI, which Hoover's counsel indicated was accurate, **see** N.T. Sentencing, 1/25/19, at 2-3, Judge Spahn offered a litany of well-supported reasons as to why he sentenced Hoover as he did. **See id.** at 4-13.[5]

---

sentencing judge." Brief of Appellant, at 9. He is incorrect. **See Daniels**, **supra** (to satisfy prejudice prong of ineffectiveness claim, petitioner must establish reasonable probability that outcome of proceeding would have been different but for counsel's performance).

[5] Judge Spahn explained that considered, *inter alia*:

> the penalties authorized by the legislature[;] . . . the facts and circumstances of the underlying offenses[] . . . and . . . of [Hoover]'s current violations of his court supervision[;] the entirety of the presentence investigation, including all attachments, which include court documentation regarding the underlying offenses and all prior violations, certain mental health records[,] . . . a 2017 series of misconduct reports from the Lancaster County Prison, which demonstrate disruptive and assaultive behavior by [Hoover,] . . . a 2018 report from the Roxbury Treatment Facility, which indicated that [Hoover] left after eight to ten days against medical advice[,] . . . a September

In light of the foregoing, we reject Hoover's contention that Judge Spahn lacked enough information to form a "complete picture" prior to sentencing. **See** Amended PCRA Petition, 9/5/19, at 5. Thus, Hoover has failed to establish that the outcome of his probation violation or sentencing hearings would have been different had he asserted his right under Rule 700 to be sentenced by Judge Miller. Accordingly, the PCRA court properly dismissed Hoover's petition without a hearing. **Daniels**, **supra**; **Fears**, **supra**.

Order affirmed.

---

2018 drug and alcohol evaluation performed at the Lancaster County Prison[, and] a 2018 psychological evaluation . . . [in which Hoover] refused to participate[;] . . . the attorney for the Commonwealth's comments[;] the probation officer's position, as indicated in the summary[;] the comments of [Hoover's counsel] and [Hoover] himself[;] . . . letters written by [Hoover] to the court[;] . . . [Hoover']s rehabilitative needs[;] the need for the vindication of the authority of the [c]ourt[;] the need for the protection of the entire community; [Hoover's age and familial relationships, including an absentee father and a mother who suffered from addiction concerns; Hoover's history of criminal conduct; Hoover's education;] . . . [his] mental health history[;] . . . [his] rather disturbing and extensive drug and alcohol history[;] . . . [that Hoover] made it clear to the presentence [] investigator that . . . all he wants to do is get high and he won't ever stop or change[;] . . . [his] extremely limited and sporadic employment history[;] . . . the fact that [Hoover,] . . . although [] given numerous opportunit[ies] to address [his psychological and substance abuse issues,] has willingly chose not to [do so; Hoover']s pattern of antisocial conduct[;] . . . [that] a lesser sentence would depreciate the seriousness of [Hoover']s conduct[;] . . . [and] that probation and parole have been an ineffective vehicle to accomplish [Hoover']s recovery.

N.T. Sentencing, 1/25/19, at 4-13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/12/2021